UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ING Financial Partners, Inc.,
a Minnesota corporation,
f/k/a Washington Square
Securities, Inc.,

                    Plaintiff,

    vs.

Alyson Johansen,

                    Defendant.           Civ. No. 04-1061 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), to determine the advisability of continuing a Stay that has been imposed in this action.  A telephonic Status Conference was conducted on October 9, 2007, at which time, the Plaintiff appeared by Steven R. Anderson and Kenneth L. Dobkin, Esqs., and the Defendant appeared pro se.  For reasons which follow, we

recommend that the Stay imposed by the District Court be lifted, and that this action

be dismissed without prejudice.

## II.  Discussion

The operative facts in this case were summarized in an Order that was issued

on April 22, 2005, by the District Court, the Honorable Paul A. Magnuson presiding.

See, Docket No. 64.  Briefly, the Defendant was employed, in 2000, by ING Financial

Partners, Inc. ("ING"), as a securities broker, and her employment was governed by

an Agreement which provided that any disputes arising out of the Agreement would

be subject to arbitration according to the Rules promulgated by the National

Association of Securities Dealers, Inc. ("NASD").   After ING terminated the

Defendant's employment in January of 2003, she filed a statement of claims with the

NASD alleging sex discrimination, sexual harassment, and retaliatory discharge for

whistle-blowing, and ING contested the arbitrability of those claims.

ING subsequently commenced this action in Federal Court seeking to enjoin the

arbitration on the ground that it had not agreed to arbitrate the Defendant's claims.  By

Order dated April 14, 2004, see, Docket No. 21, the District Court issued a

Preliminary Injunction that prevented the Defendant from moving forward with the

arbitration proceeding, and staying the arbitration until the arbitrability of the

Defendant's claims could be determined by the Court.    To secure the Preliminary

Injunction, the Court required ING to post a $5,000.00 bond with the Clerk of Court.

ING subsequently moved for Summary Judgment, and by Order dated April 22,

2007, the District Court granted that Motion, see, <u>Docket No. 64</u>, finding that ING had

not consented to arbitrate the Defendant's statutory employment discrimination claims,

and the Court permanently enjoined the Defendant from pursuing her arbitration

claims.  The Defendant appealed that decision and, in an Opinion dated May 1, 2006,

our Court of Appeals reversed the grant of Summary Judgment, vacated the

Permanent Injunction, and remanded the matter to the District Court for further

proceedings.  See, <u>Docket No. 73</u>.

On August 9, 2007, we conducted a Status Conference, in order to determine

the parties' intentions, given the determination of the Court of Appeals that this matter

should proceed to arbitration.  See, <u>Docket No. 78</u>.  At that time, the parties advised

that they had agreed that this action would be dismissed, as the matter would be

submitted  to arbitration.  Not having heard further from the parties, on November 17,

2006, we again convened the parties for a Status Conference, see, <u>Docket No. 80</u>,

following which we issued a Recommendation, based on the parties' representation,

that the matter had been submitted to arbitration, that the case be placed in an

- 3 -

Administrative Stay.   See, <u>Docket No. 81</u>.   The District Court adopted our

Recommendation and, on December 14, 2006, issued an Order staying this matter

pending further direction from the parties.  See, <u>Order</u>, <u>Docket No. 82</u>.

Absent any additional communication on the status of the case, we convened

the parties for a Status Conference on September 5, 2007, concerning the advisability

of lifting the Administrative Stay.  See, <u>Docket No. 84</u>.   At that time, the parties

advised that arbitration had commenced, and ING expressed a willingness to lift the

Stay and dismiss this action.  The Defendant agreed that the case could be dismissed,

but opposed lifting the Stay unless the Clerk of Court agreed to refund her filing fee.

We advised the Defendant that we were aware of no such obligation on the Clerk's

part, and directed the Defendant to confer with her counsel who had previously

represented her in this matter, and who, we understood, was representing her in the

arbitration proceeding.  At the close of the Status Conference, we advised the parties

that we would defer a ruling on the advisability of lifting the Stay, and directed the

Defendant to contact the Court by September 19, 2007, with her final position on the

question of dismissing this action.

Not having heard from the Defendant, we held a final Status Conference in this

matter on October 9, 2007.  See, <u>Docket No. 86</u>.  At that time, ING and the Defendant

- 4 -

agreed that the Stay could be lifted, and the case dismissed.   While we cannot foreclose the potential that a future action might be necessary to confirm, or vacate, any Arbitration Award which might be rendered by the Arbitrator, to leave this action pend indefinitely does not do justice to Rule 1, Federal Rules of Civil Procedure. Accordingly, we recommend that this action be dismissed, without costs or expenses to any party, and without prejudice, in the event that one party, or the other, should seek to commence a future action to enforce or vacate the Arbitration Award.

Lastly, ING asked the Court to direct the Clerk of Court to return the $5,000.00 bond that was imposed by the Court, pursuant to Rule 65(c), Federal Rules of Civil Procedure, as security on the issuance of the original Preliminary Injunction.   As the Permanent Injunction, which was issued in this matter, was vacated by our Court of Appeals, the Plaintiff's security is no longer necessary, and we recommend that it be returned to the Plaintiff by the Clerk of Court.   See, Continuum Co. v. Incepts, Inc., 873 F.2d 801, 803 (5th Cir. 1989)(explaining that the purpose of the Rule 65(c) security requirement is to assure the enjoined party that it may collect damages from the funds posted if it is wrongfully enjoined, and provide the party seeking the injunction with notice of the maximum extent of its potential liability).

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Stay in this case be lifted, and that this action be dismissed, without costs or fees to any party, and without prejudice.

2.      That the Clerk of Court be directed to return to the Plaintiff the $5,000.00 bond filed as security for the Preliminary Injunction.


Dated:  October 11, 2007                          s/Raymond L. Erickson
                                                  Raymond L. Erickson
                                                  CHIEF U.S. MAGISTRATE JUDGE


**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 26, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 26 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.